UNITED STATES — SURPLUS PROPERTY The State Agency for Surplus Property will be able to continue operating under present State law. No changes in the present State Statutory structure will be necessary, as compliance with the new requirements set forth in P.L.94-519 may properly be made within the present provisions of the Oklahoma act. The Attorney General has considered your request for an opinion wherein you ask the following questions: "1. Will the Oklahoma State Agency for Surplus Property be able to continue operating under the present State Law while performing the functions of the new Federal Law, P.L. 94-519? "2. Will any changes in the present State Law be necessary, and, if so, in what areas?" Title 80 O.S. 34.1 [80-34.1] — 80 O.S. 34.6 [80-34.6] (1971), set forth the provisions for the purchase or other acquisition of surplus property. 80 O.S. 34.1 [80-34.1] states in pertinent part: "The State of Oklahoma, its departments, boards, commissions, institutions, and agencies, and any of the counties, cities, and towns, and school districts of the State, are hereby authorized to purchase, lease, or receive as gifts or donations, any surplus property offered for sale, lease, or donation by the United States Government or any of the agencies thereof, pursuant to the applicable provisions of the 'Surplus Property Act of 1944', or amendments thereto, or any act providing for the disposal of surplus property enacted by the Congress of the United States . . . ." Title 80 O.S. 34.3 [80-34.3] (1971), provides in part: "The Surplus Property Agent shall have the authority, and it shall be his duty, under the supervision and direction of the State Board of Public Affairs, to ". . . . "(6) perform such other duties as are necessary for carrying out the purposes of this Act." It is clear from the above-quoted statutes that the Surplus Property Agent, under the supervision and direction of the State Board of Public Affairs, may conduct such activities which are necessary for proper performance under both the federal and Oklahoma acts. The thrust of P.L. 94-519 is to amend the statutory language contained in 40 U.S.C.A. 484(j). Prior to the amendment, subsection (j)(1) provided in pertinent part: "No such property shall be transferred for use within any State except to the State agency designated under State law for the purpose of distributing, in conformity with the provisions of this subsection, all property allocated under this subsection for use within such State." (Emphasis added) Subsection (j) is amended in P.L. 94-519 and provides new and additional "provisions of this subsection" with which the State Agency for Surplus Property must conform. Subsection (j) (4) (A) of P.L.94-519, provides in part: "Before property may be transferred to any State agency, such State shall develop, according to State law, a detailed plan of operation, developed in conformity with the provisions of this subsection, which shall include adequate assurance that the State agency has the necessary organizational and operational authority and capability, including staff, facilities, means and methods of financing, and procedures with respect to: accountability, internal and external audits, cooperative agreements, compliance and utilization reviews, equitable distribution and property disposal, determination of eligibility, and assistance through consultation with advisory bodies and public and private groups. The chief executive officer shall certify and submit the plan to the Administrator . . . ." The remaining portion of subsection (j) (4) (A) then sets out specific criteria which must be provided for in developing and implementing the State plan. We think that the Oklahoma Legislature, in enacting 80 O.S. 34.1 [80-34.1] and 80 O.S. 34.3 [80-34.3], intended that the Surplus Property Agent, under the supervision and direction of the State Board of Public Affairs, should have the authority to comply with the requirements fixed by federal statutes as conditions precedent to the transfer of surplus property as contemplated by the Oklahoma act. It was held in the case of Oklahoma Tax Commission, et al. v. Fortinberry Co., Inc., et al., 201 Okl. 537, 207 P.2d 301 (1949), that: "In addition to the powers expressly given by statute to an officer or board, he or it has, by implication, such additional powers as are necessary for the due and efficient exercise of the powers expressly granted, or such as may be fairly implied from the statute granting the express powers." It is, therefore, the opinion of the Attorney General that your questions be answered as follows. The State Agency for Surplus Property will be able to continue operating under present State law. No changes in the present State statutory structure will be necessary, as compliance with the new requirements set forth in P.L. 94-519 may properly be made within the present provisions of the Oklahoma act. (ANGELA ABLES)